## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BRENDA LEE MATHIAS, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-15-2261 |
| MICHAEL EAVES SHOEMAKER, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM ORDER</u>

This Memorandum Order addresses Plaintiffs' Motion to Preclude Defendant's Expert Joseph Hancock ("Hancock") from Testifying ("Plaintiffs' Motion"). (ECF Nos. 60, 61.) Following a Motions Hearing conducted on August 17, 2017, this Court took the matter under advisement. Having further considered the parties' submissions and their arguments presented at the hearing, this Court finds that Hancock's reports and proposed testimony do not satisfy the standards of *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 588 (1993), as set forth under Federal Rule of Evidence 702. Accordingly, Plaintiff's Motion (ECF No. 60) will be GRANTED, Hancock may not testify at trial, and defendants may not introduce Hancock's reports into evidence.

## STANDARD OF REVIEW

Rule 702 of the Federal Rules of Evidence provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

"Under Rule 702…Courts are required to act as 'gatekeepers' to ensure that expert testimony is relevant and reliable." *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 195 (4th Cir. 2017) (quoting *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001). *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 588 (1993). "[A] district court 'must conduct a preliminary assessment' to determine whether the methodology underlying the expert witness' testimony is valid." *Bresler*, 855 F.3d at 195 (quoting *Daubert*, 509 U.S. at 592-93).

Although Rule 702 allows for a liberal introduction of expert evidence, "courts must recognize that due to the difficulty of evaluating their testimony, expert witnesses have the potential to 'be both powerful and quite misleading.'" *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) (quoting *Daubert*, 509 U.S. at 595). The proponent of the expert testimony in question must establish admissibility "by a preponderance of proof." *Cooper*, 259 F.3d at 199 (citing *Daubert*, 509 U.S. at 592 n. 10). The United States Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) set forth several factors for courts to consider in assessing the admissibility of expert testimony. The United States Court of Appeals for the Fourth Circuit recently reiterated those factors in *Bresler* :

In assessing the validity of the methodology employed by a proposed expert witness, a court may consider whether the expert witness' theory or technique: (1) "can be or has been tested"; (2) "has been subjected to peer review and

publication"; (3) "has a high known or potential rate of error"; and (4) is generally accepted "within a relevant scientific community."

*Bresler*, 855 F.3d at 195 (citing *Cooper*, 259 F.3d at 199). The *Daubert* factors are "neither definitive, nor exhaustive." *Cooper*, 259 F.3d at 199 (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)). Rather, "[t]he district court must be granted 'considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable.' " *United States v. McLean*, No. 16-4673, --- Fed.App'x ---, 2017 WL 2533381, at *1 (4th Cir. June 12, 2017) (quoting *United States v. Wilson*, 484 F.3d 267, 273 (4th Cir. 2007)). *See also Rockman v. Union Carbide Corp.*, RDB-16-1169, 2017 WL 3022969, at *3 (D. Md. July 17, 2017).

## DISCUSSION

Plaintiffs raise three broad arguments in support of their motion. First, they argue that all of Hancock's opinions are based on impermissible speculation. (ECF No. 61 at ¶¶ 2-4.) Second, plaintiffs assert that Hancock's opinions are unsupported by facts and data. (*Id.* at ¶¶ 5-7.) Third, plaintiffs assert that Hancock followed no discernible methodology in reaching his opinions. (*Id.* at ¶¶ 12, 18, 21, 29.)

Defendant argues in support of Hancock's testimony that Hancock is well-qualified as a crash reconstruction expert and that he should be allowed to raise questions about the conclusions drawn by the Maryland State Police in their Detailed Crash Investigation Report.[1] (ECF No. 64 at 2; ECF No. 64-1 at 6.) Defendant asserts that Hancock "puts forth credible and factually supported alternative causes of the air loss from the subject tire." (ECF No. 64-1 at 4.)

---

[1] Plaintiffs have submitted a copy of the Maryland State Police Report. (ECF No. 59-3.)

While defense expert Hancock may be an experienced and otherwise qualified crash reconstruction expert, the report which he has prepared and the opinions which he intends to offer in the instant case fall well short of the scientific and methodological rigor which *Daubert* and Rule 702 demand.

First, the opinions which Hancock seeks to offer into evidence are based on speculation and conjecture. In his first report, Hancock states that "[t]he damage [to the left front tire] <u>could</u> <u>have</u> occurred upon impact with the 2008 Jeep." (Hancock Report, ECF No. 60-3 at 14) (emphasis added.) He further states that "[t]he rim damage also <u>could</u> <u>have</u> occurred when the left front tire struck debris or holes in the roadway surface." (*Id.*) (emphasis added.) Hancock's Supplemental Report is no more concrete: "Any cracks on the left front tire sidewall <u>could</u> <u>have</u> been formed after the left front tire lost air pressure and the sidewall was pinched against the road surface." (ECF No. 60-5 at 13.) None of these opinions is based on facts, but only on possibilities.

Similarly, while Hancock opines that the front left tire lost pressure because of alleged debris or a condition on the roadway, he does not attempt to connect these hypothetical explanations to any facts marshaled during his investigation. *See* ECF No. 60-3 at 15 ("The front left tire of the 1996 Ford F-350 failed to hold air pressure due to impact with <u>either</u> debris in the roadway <u>or</u> a small depression/pot hole in the roadway.") (emphasis added).[2] Not only does Hancock fail to determine which of the two possible causes actually caused the tire to explode, but he also fails to substantiate these theories with relevant facts: not having identified the alleged debris in either report, it is impossible to know whether the

---

[2] Hancock offers the same opinion in his Supplemental Report. (ECF No. 60-5 at 15.)

alleged debris was a blade or merely a blade of grass.[3]  (*Id.*)  Similarly, while Hancock states that there were "holes" and "missing asphalt" at the scene of the collision when he investigated in 2017, he is unable to say that these roadway defects existed in 2013 at the time of the collision.  (ECF No. 60-5 at 7.)

As this Court explained in *Heaps v. General Motors Corp.*, where an expert merely opines as to possibilities and does not opine as to facts, the expert "is engaging in speculation and conjecture … [which] would not assist the trier of fact to understand the <u>evidence</u> in this case or to determine <u>facts</u> in issue."  *Heaps v. Gen. Motors Corp.*, RDB-05-1500, 2006 WL 2456231, at *5 (D. Md. Aug. 22, 2006) (emphasis added).  Opinions based on mere possibilities, therefore, do not satisfy *Daubert* or Rule 702.  *Id.* (quoting *Daubert*, 509 U.S. at 590) ("conjecture, hypothesis, 'subjective belief, or unsupported speculation' are impermissible bases for expert opinion and must be discarded.").  Accordingly, the speculative opinions offered by Hancock are not admissible, and he will not be permitted to testify at trial.

Moreover, the conclusions which Hancock offers are not the product of any discernible methodology, but rest solely on his own, *ipse dixit* opinions.  Even recognizing that Hancock may rely on his own experience as a crash reconstructionist to formulate his opinions, nowhere does he explain how he arrived at his opinions based on the facts he reviewed in this case.  *See* ECF No. 60-3 at 15-16; ECF No. 50-5 at 15-16.  For instance, while Hancock opines that "the front right tire and rear dual tires did not fail or cause any

---

[3] It appears that the sole basis for Hancock's opinion that the tire may have struck debris on the roadway were hearsay statements of Michael and Robert Shoemaker regarding the possible existence of debris.  *See* ECF No. 60-5 at 15.  While an expert witness may rely on otherwise inadmissible evidence in forming an opinion on the subject, these statements are not necessarily admissible under Federal Rule of Evidence 703, which requires the court to balance their probative value relative to their prejudicial effect.  Fed. R. Evid. 703.

difficulty in the control of the 1996 Ford F-350," he cites no technical literature or specifications regarding the tires, the vehicle, or the maintenance thereof which would support his conclusion. (ECF No. 60-3 at 15.) Similarly, while opining that "[t]he front left tire did not have inner cords showing before impact with the 2008 Jeep," and that "[a]ll the areas that showed cord were directly linked to the crush damage on the rim of the tire," he does not attempt to explain how he reached this conclusion. (*Id.*) Indeed, defendant concedes that Hancock "cannot opine as to the condition of the tire as it was prior to" the collision. (ECF No. 64-1 at 5.) It is well-established that "[a] court need not 'admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert [where there is] simply too great an analytical gap between the data and the opinion proffered.'" *JFJ Toys, Inc. v. Sears Holdings Corp.*, 237 F. Supp. 3d 311 (D. Md. 2017) (quoting *Pugh v. Louisville Ladder, Inc.*, 361 Fed. App'x. 448, 454 n.4 (4th Cir. 2010)). As Hancock's subjective and unsupported opinions cannot be tested or evaluated in any way, they fail to survive scrutiny under *Daubert*.

In light of these deficiencies, moreover, it cannot be said that Hancock's proposed testimony would be helpful to the trier of fact, a threshold requirement under Rule 702(a). That is, to the extent that Hancock is unable to opine within a reasonable degree of scientific certainty why (1) the tire on the Shoemaker vehicle exploded/lost pressure, or (2) why the Shoemaker vehicle crossed across the center line of the highway, his own speculative conclusions would not assist the jury in its own evaluation of the evidence. *See* ECF No. 64-1 at 6 ("Hancock could not, within a reasonable degree of certainty in the field of accident reconstruction, provide the cause of the left front tire's loss of air pressure."). To the

contrary, permitting Hancock to testify could lead the jury to engage in impermissible speculation in reaching their decision. *See Jansen v. Baker*, CCB-04-610, 2005 WL 2065232, at *6 (D. Md. Aug. 25, 2005) ("[I]n matters of proof, neither the Courts nor the juries are justified in inferring from mere possibilities the existence of facts, and they cannot make mere conjecture or speculation the foundation of their verdicts.") (quoting *Davidson v. Miller,* 276 Md. 54, 344 A.2d 422, 427 (1975)).

Thus, as Hancock's reports and proposed testimony are based on speculation and conjecture, as he has not based his opinions on sufficient facts and data, and as he has not followed any decipherable methodology in reaching his opinions, Hancock fails to satisfy the standards under Rule 702, and he may not testify and his reports may not be introduced at trial. Accordingly, Plaintiff's Motion to Exclude Hancock's Testimony (ECF No. 60) is GRANTED.

## CONCLUSION

For the reasons stated above, it is this 21st day of August, 2017, hereby ORDERED that:

1. Plaintiff's Motion (ECF No. 60) is be GRANTED;

2. Defense expert Joseph Hancock IS PRECLUDED from testifying at trial;

3. Defendants may not introduce Hancock's report into evidence.

                                                                  /s/
                                     Richard D. Bennett
                                     United States District Judge